# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ST. PAUL FIRE AND MARINE INSURANCE COMPANY,<br><br>                            Plaintiff,<br><br>  -against-<br><br>ACE FIRE UNDERWRITERS INSURANCE COMPANY,<br><br>                           Defendant. | Case No.<br><br>**COMPLAINT** |

Plaintiff, the St. Paul Fire and Marine Insurance Company ("Travelers"), by and through its undersigned counsel, Usery and Associates, as and for its Complaint against Defendant, ACE Fire Underwriters Insurance Company ("CHUBB"), alleges upon information and belief as follows:

## NATURE OF THE ACTION

1. Travelers is providing a defense to H&Z, S LLC ("H&Z") in a lawsuit entitled *Joseph Schlacter v. H&Z,S LLC, Street Wireless, LLC, John Doe Individuals (1-10) and John Doe Corporations (1-10)*, pending in the Court of Common Pleas of Philadelphia County, Case Number 250601934 (the "Underlying Action").

2. In the instant action, Travelers seeks a declaration that CHUBB is obligated to defend and to indemnify H&Z in the Underlying Action, as an additional insured under the policy of insurance issued by CHUBB, on a primary, non-contributory basis, and that Travelers is entitled to judgment for all defense and indemnity costs incurred on behalf of H&Z in said action.

## THE PARTIES

3. At all times relevant hereto, Travelers was and is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business in Hartford,

1

Connecticut.

4. Upon information and belief, at all times relevant hereto, CHUBB was, and still is, an corporation organized pursuant to the laws of the Commonwealth of Pennsylvania, with its principal place of business in Philadelphia, Pennsylvania.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction due to diversity of citizenship and amounts in controversy in excess of $75,000, exclusive of interests and costs, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 2201.

6. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events giving rise to this claim occurred in this judicial district.

7. An actual justiciable controversy exists between the parties as to the coverage afforded under the insurance policy issued by CHUBB.

8. Travelers has no adequate remedy at law.

## THE RELEVANT POLICIES

9. CHUBB issued a general liability insurance policy to Street Wireless LLC ("Street Wireless") bearing policy number D95802461 for the policy period January 15, 2023 to January 15, 2024 (the "CHUBB Policy").

10. Subject to certain terms, conditions, and exclusions, the CHUBB Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

11. The CHUBB Policy provides in relevant part:

**BUSINESSOWNERS COVERAGE FORM BP 00 03 07 13**

SECTION II – LIABILITY

A. Coverages

1. Business Liability

a. **We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" or any offense and settle any claim or "suit" that may result.**

\*    \*    \*

BUSINESSOWNERS LIABILITY EXTENSION (endorsement BOP-47675 (03/16)) which modifies the BUSINESSOWNERS COVERAGE FORM as follow:

H. ADDITIONAL INSUREDS
   In Section II - Liability, Paragraph C. Who is an Insured, the following is added:
   2. Each of the following is also an insured:

\*    \*    \*

MANAGERS OR LESSORS OF PREMISES

f. Any person or organization from whom you lease premises, but only with respect to liability arising out of the ownership, maintenance or use of that part of the premises leased to you and only if you are required by a contract or agreement to provide them with such insurance as is afforded by this policy.

However, the insurance afforded to such additional insured:

(1) Only applies to the extent permitted by law; and

(2) Will not be broader than that which you are required by the contract or agreement to provide for such additional insured.

With respect to the insurance afforded to these additional insureds, the following additional exclusions apply:

This insurance does not apply to:

3

(1) Any "occurrence" that takes place after you cease to be a tenant in such premises.
(2) Structural alterations, new construction or demolition operations performed by or for such additional insureds.

\*   \*   \*

O. OTHER INSURANCE, INCLUDING PRIMARY PROVISION

In Section III Common Policy Conditions, **Paragraph** H. Other Insurance, **subparagraphs 2. and 3. are replaced by the following**:

H. Other Insurance

If other valid and collectible insurance is available to the insured for a loss we cover under this insurance, our obligations are limited as follows:

1. Primary Insurance

This insurance is primary except when Paragraph 2 below applies. If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary. Then, we will share with all that other insurance by the method described in Paragraph 3 below.

2. Excess Insurance

   a. This insurance is excess over:
   (1) Any of the other insurance, whether primary, excess, contingent or on any other basis:
       (a) That is Fire, Extended Coverage, Builder's Risk, Installation Risk or similar coverage for "your work";
       (b) That is insurance that applies to "property damage" to premises rented to you or temporarily occupied by you with permission of the owner; or
       (c) If the loss arises out of aircraft, "autos" or watercraft to the extent not subject to Exclusion g. of Section II.B. Exclusions,
           1. Applicable to Business Liability Coverage; or
   (2) Any other primary insurance available to you covering liability for damages arising out of the premises or operations for which you have been added as an additional insured.
       b. When this insurance is excess, we will have no duty to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit." If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

> c. When this insurance is excess over other insurance, we will pay only our share of the amount of the loss, if any, that exceeds the sum of:
> > (1) The total amount that all such other insurance would pay for the loss in the absence of this insurance;
> > (2) The total of all deductible and self-insured amounts under all that other insurance.
>
> d. We will share the remaining loss, if any, with any other insurance that is not described in this Excess Insurance provision and was not brought specifically to apply in excess of the Limits of Insurance shown in the Declarations of this Coverage Part.

12. Travelers issued a Commercial General Liability Policy to H&Z bearing policy number BIP-1T875073 for the policy period February 28, 2022 through February 28, 2024 (the "Travelers Policy").

13. Subject to certain terms, conditions, and exclusions, the Travelers Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

14. The Travelers Policy contains excess "other insurance" provisions that provide that coverage under the Travelers Policy is excess over any other coverage available where H&Z is added as an additional insured.

## BACKGROUND FACTS

15. On February 12, 2021, 7221 Frankford Avenue Associates ("7221 Frankford"), as Landlord, and Jason and Vevyan Hattina (collectively, the "Hattinas"), as Tenants, entered into a lease agreement ("Lease Agreement") for the premises located at 7221 Frankford Ave, Philadelphia, Pennsylvania 19135 (the "Premises").

16. The terms of the Lease Agreement require that the Tenant maintain comprehensive general liability insurance naming the Landlord as an additional insured:

5

b. <u>Insurance</u>. Tenant, at Tenant's sole cost and expense, shall obtain and maintain in effect at all times during the term of the Lease, policies of insurance providing the following coverage:

\*    \*    \*

    (b) A comprehensive policy of general liability insurance, naming Landlord as-an additional insured, protecting Landlord, Tenant and occasioned by any occurrence on or about any part of the Leased Premises or any appurtenances thereto, with such policy to provide a minimum coverage, in an amount acceptable to Landlord in writing but in no event less than $2,000,000 per occurrence, with respect to any injuries (including death) to persons, and with respect to any property damage.

    All insurance policies herein required to be procured and maintained by Tenant (i) shall be issued by any good and solvent insurance companies licensed to do business in Pennsylvania and reasonably satisfactory to Landlord; (ii) shall be written as primary policy coverage and not contributing with or in excess of any coverage which Landlord may carry; (iii) shall insure and name Landlord as an additional insured, as its interests may appear; and (iv) shall contain an express waiver of any right of subrogation by the insurance company against Landlord. Neither the issuance of any insurance policy required hereunder, nor minimum limits specified herein with respect to Tenant's insurance coverage, shall be deemed to limit or restrict in any way Tenant's liability arising hereunder or under or out of the Lease. Tenant shall deliver to Landlord, from time to time as requested by Landlord, a certificate of insurance evidencing the insurance required hereunder, and naming Landlord as an additional insured and providing the coverage provided thereunder may not be modified or terminated except upon not less than thirty (30) days prior written notice to Landlord. In addition to the foregoing, Landlord shall be permitted to obtain such additional or other insurance coverage as Landlord shall deem appropriate, with the costs thereof to be included as Additional Rent payable by Tenant hereunder.

\*    \*    \*

**30. <u>Successors and Assigns</u>**. Subject to the limitation on assignment provided herein, **the obligations of this Lease shall be binding upon and inure to the benefit of the parties hereto and their respective successors and assigns**; provided that Landlord and each successive owner of the Lease Premises shall be liable only for obligations accruing during the period of its ownership or interest in the Leased Premises; and from and after the transfer by Landlord or such successive owner of its ownership or other interest in the Leased Premises, Tenant shall look solely to the successors in title for the performance of Landlord's obligations hereunder which accrue following the date of such transfer. The liability of Landlord or any successive owner of the Leased Premises hereunder and all of its officers, employees, shareholders or joint venturers or partners, if any, whether general or limited, shall be limited to Landlord's estate or other title or interest in the Leased

Premises, the proceeds thereof and the security deposits and other deposits and advance payments made by Tenant hereunder. (**Bold added for emphasis**)

17. Per the November 11, 2021 Lease Addendum, Frankford Investment Group LLC ("FIG"), which, upon information and belief is the successor to 7221 Frankford, entered into a Lease Addendum removing the Hattinas from the Lease Agreement, and naming Street Wireless as an authorized occupant of the Premises.

18. The Lease Addendum provides that "[a]ll other terms and conditions of the Lease, ... remain unchanged and in full force and effect."

19. Per the Commercial Lease Assignment and Assumption Agreement dated February 28, 2022, FIG assigned and transferred H&Z, as assignee, all its rights and interest to the Lease Agreement.

20. In the Underlying Action, Claimant alleges that, on or about June 19, 2023, he was injured while he was working at the Premises when he allegedly fell down the basement stairs of the Premises (the "Incident").

21. As a result of the Incident, on June 16, 2025 Claimant commenced the Underlying Action naming H&Z, Street Wireless, and unnamed John Doe Individuals and unnamed John Doe Corporations as defendants.

22. Travelers is defending H&Z in connection with the Underlying Action.

23. In the Underlying Action, Claimant seeks to impose liability on H&Z for alleged bodily injury which arose out of the maintenance or use of the Premises.

## TENDERS TO CHUBB

24. By correspondence dated July 28, 2025, Travelers tendered the defense and indemnity of H&Z to Street Wireless.

25. On August 7, 2025, Travelers re-sent their July 28, 2025 tender correspondence to CHUBB.

26. On September 11, 2025, Travelers sent a follow up correspondence to CHUBB on the tender of the defense and indemnity of H&Z.

27. On September 12, 2025, Travelers again re-resent their tender correspondence to CHUBB.

28. On October 16, 2025, Travelers again followed up with CHUBB on the status of their response to Travelers' tender of the defense and indemnity of H&Z.

29. CHUBB responded to Travelers' tender by correspondence dated October 16, 2025, indicating that they "unable to accept or deny your tender request as further information and investigation is needed through discovery. Should our position change, we will advise accordingly."

30. To date, CHUBB has failed to provide additional insured coverage to H&Z under the CHUBB Policy.

31. To date, CHUBB has failed to provide a defense to H&Z under the CHUBB Policy.

**CAUSE OF ACTION FOR DECLARATORY RELIEF**

32. Travelers repeats, realleges, and incorporates each and every allegation contained in paragraphs "1" through "31" above as if fully set forth herein.

33. H&Z qualifies as an additional insured under the CHUBB Policy.

34. The coverages provided to H&Z under the CHUBB Policy are primary and non-contributory with any coverage provided by the Travelers Policy.

35. Accordingly, Travelers seeks a declaration that CHUBB has an obligation to defend and indemnify H&Z as an additional insured under the CHUBB Policy; that the coverages provided by the CHUBB Policy to H&Z are primary; and that the obligations of Travelers to H&Z in the Underlying Action are excess to proper exhaustion and full payment of the limits of the CHUBB Policy.

36. In addition, Travelers seeks an award at law and in equity against CHUBB for recovery of all sums Travelers has paid and continues to pay in the defense of H&Z in the Underlying Action because the coverages provided by the CHUBB Policy are primary to any coverage provided by Travelers.

WHEREFORE, Plaintiff Travelers respectfully requests that this Court issue judgment as follows:

1. Declaring that H&Z is an insured under the CHUBB Policy to whom CHUBB owes coverage with respect to the Underlying Action;

2. Declaring that CHUBB has a duty to defend H&Z in the Underlying Action up to and including the respective policy limits of the CHUBB Policy;

3. Declaring that all coverage owed by CHUBB to H&Z with respect to the Underlying Action is primary to any coverage provided by Travelers to H&Z;

4. Declaring that the obligations of CHUBB to H&Z with respect to the Underlying Action are primary to any obligations of Travelers to H&Z;

5. Declaring that the obligations of Travelers to H&Z in the Underlying Action are excess to proper exhaustion and full payment of the respective limits of the CHUBB Policy by means of a verdict, judgment, or settlement;

6. Awarding judgment against CHUBB in an amount equal to the sums that Travelers incurred and continues to incur in defending the claims against H&Z in the Underlying Action;

7. Awarding judgment against CHUBB in an amount equal to any sums that Travelers may incur to resolve the claims and indemnify H&Z in the Underlying Action;

8. Granting an award in favor of Travelers for the costs of suit incurred herein; and

9. Granting such other and further relief as the Court may deem just and proper.

Dated: Blue Bell, PA
January 16, 2026

USERY & ASSOCIATES

By:   /s/Michael J. McLaughlin
Michael J. McLaughlin
*Attorneys for St. Paul Fire and Marine Insurance Company*

T. (917) 778-6680
F. (844) 571-3789
E. MJMCLAUG@travelers.com

Mailing Address:[1]
P.O. Box 2996
Hartford, CT 06104

---

[1] Physical Address: 801 Lakeview Drive, Suite 300 Blue Bell, PA 19422